**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lawrence Paul TOLENTINO,**
**Defendant-Appellant.**

**No. 17-2099**

United States Court of Appeals, Tenth Circuit.

Filed December 19, 2017

(D.C. Nos. 2:16-CV-00583-MV-KRS & 2:06-CR-00842-MV-1) (D. New Mexico)

Terri J. Abernathy, Office of the United States Attorney, District of New Mexico, Las Cruces, NM, for Plaintiff-Appellee

Jane Greek, Office of the Federal Public Defender, District of New Mexico, Las Cruces, NM, for Defendant-Appellant

Before LUCERO, BACHARACH, and MORITZ, Circuit Judges.

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

Robert E. Bacharach, Circuit Judge

Mr. Lawrence Tolentino seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 motion. We deny the certificate and dismiss this appeal.

Mr. Tolentino pleaded guilty to being a felon in possession of a firearm and was sentenced to 15 years' imprisonment. This sentence was based in part on an enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). This enhancement was based in part on two convictions for residential burglary under N.M. Stat. Ann. § 30-16-3(A).[1]

Roughly nine years after Mr. Tolentino's sentencing, the Supreme Court invalidated the ACCA's residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) in *Johnson v. United States,* — U.S. —, 135 S.Ct. 2551, 2556-

---

1. That statute provides: "Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony."

63, 192 L.Ed.2d 569 (2015).[2] The residual clause defines a "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year ... that ... involves conduct that presents a serious potential risk of physical injury to another."

In light of *Johnson*, Mr. Tolentino moved to vacate his sentence under § 2255, arguing that burglary of a dwelling under the New Mexico statute is broader than the generic form of burglary. *See Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Thus, Mr. Tolentino moved for resentencing without the ACCA enhancement.

The district court denied this motion, and Mr. Tolentino asks us to issue a certificate of appealability. We can issue the certificate only upon a showing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks omitted).

We recently issued an opinion controlling on the underlying issue. In *United States v. Turrieta*, we held that convictions under N.M. Stat. Ann. § 30-16-3(A) match the generic form of burglary, satisfying the enumerated-offense clause.[3] 875 F.3d 1340, 1347 (10th Cir. 2017). Thus, we concluded that "the ACCA applied independently of the Residual Clause." *Id.* Mr. Tolentino makes the same argument that

we rejected in *Turrieta*. We therefore deny a certificate of appealability and dismiss this appeal.

---

**2.** This holding is retroactively applicable to cases on collateral review. *Welch v. United States*, —— U.S. ——, 136 S.Ct. 1257, 1268, 194 L.Ed.2d 387 (2016).

**3.** The enumerated-offense clause defines a "violent felony" as "any crime punishable by

imprisonment for a term exceeding one year ... that .. is burglary, arson, or extortion, [or] involves use of explosives." 18 U.S.C. § 924(e)(2)(B)(ii).